FILED
Aug 08, 2018
02:51 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **Jerry Miles,** | ) | **Docket No. 2017-06-2296** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Amley Logistics, Inc.,** | ) | **State File No. 46712-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **Acuity Mut. Ins. Co.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

This case came before the Court on August 6 on Jerry Miles' Request for Expedited Hearing. He seeks additional medical benefits, specifically a panel of orthopedic physicians, for treatment of alleged right shoulder, neck and low-back injuries. For the reasons below, the Court grants his request.

### History of Claim

Mr. Miles drives a dump truck for Amley Logistics. He testified that on June 22, 2017, a large boulder fell in the bed of his truck, causing it to tip to the passenger side and Mr. Miles to "bounce" upward then fall to the right. He injured his right shoulder trying to break his fall. The truck then tipped to the other side, slamming Mr. Miles into the drivers' side door and window. He suffered immediate head, neck and low-back injuries as well as shoulder pain. He testified to experiencing confusion and memory loss in the days immediately following the accident.

Mr. Miles informed his supervisor about the injuries. Amley offered a panel, and he chose Occupational and Environmental Medicine (Occ Med). Mr. Miles testified that he does not remember signing the panel selection form, but he did not dispute that the form bears his signature.

He saw Occ Med providers on June 23. The history states that he complained of

1

"pain in c-spine and ® thoracic and low back." Mr. Miles testified that he also told them about the injuries to his right shoulder. The notes are not entirely legible; they give the following assessment:

ASSESSMENT: HEAD CONTUSION, CERVICAL & ® POST/?

PLAN: SHOULDER STRAIN/SPRAIN

Mr. Miles returned on June 26 again reporting head, neck and back pain. Providers noted limited cervical mobility and recommended a CT scan of the head. On June 29 and July 5, they again noted a cervical strain/sprain. At the July visit, they referred him for a neurological evaluation. When Mr. Miles returned to Occ Med for another visit after the referral, staff told him the appointment was cancelled.

Amley provided a neurology panel. Mr. Miles chose Dr. Steven Graham, whom he saw four times over the next three months. During the first visit, he reported memory problems following the accident. Dr. Graham treated the head injury and referred him to physical therapy for the neck, but his notes do not document any complaints of or treatment for Mr. Miles' shoulder or low back.[1] He testified that he told Dr. Graham about the pain in his right shoulder and low back.

At an August 15 follow-up, Dr. Graham referred him for a neuro-otology evaluation with Dr. Mitchell Schwaber. Mr. Miles reported headaches and memory lapses to Dr. Schwaber, who diagnosed dizziness but also "no peripheral vestibular findings" and wrote, "If it was BPV [Benign Positional Vertigo], it has resolved."

Mr. Miles returned to Dr. Graham, who released him to full-duty work as of October 9, 2017, placed him at maximum medical improvement from a neurological standpoint, assigned a zero-percent impairment rating, and noted "follow-up as needed." Mr. Miles returned to work after the release.

Mr. Miles testified that his right shoulder, low back and neck still hurt. He demonstrated to the Court an inability to raise his right arm above the shoulder. On cross-examination, Mr. Miles acknowledged that he wrote in answers to interrogatories that he injured his left shoulder. He said he received no help answering the interrogatories and reviewed his responses, but he "missed that."[2]

Mr. Miles requested additional medical benefits, asserting that Dr. Graham never addressed the shoulder, cervical or low-back complaints. He sought an order that Amley provide a panel of orthopedic specialists. Amley countered that Mr. Miles did not

---

[1] The parties did not introduce records from physical therapy.

[2] The parties did not introduce the responses to interrogatories into evidence.

complain of shoulder or back pain to the authorized treating physicians. Dr. Graham remains the authorized treating physician and expressed a willingness to continue treating Mr. Miles. If Dr. Graham were to recommend an orthopedic panel, Amley would offer it. Until Dr. Graham makes that recommendation, Amley contended it provided all the workers' compensation benefits to which Mr. Miles is entitled.

### Findings of Fact and Conclusions of Law

Mr. Miles need not prove every element of his claim by a preponderance of the evidence to obtain relief at an expedited hearing. Instead, he must present sufficient evidence that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Relevant to this dispute, Tennessee Code Annotated section 50-6-204(a)(1)(A) requires an employer to provide injured workers "medical and surgical treatment . . . as ordered by the attending physician . . . made reasonably necessary by accident." Additionally, the employer "shall designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups . . . from which the injured employee shall select one (1) to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i).

Here, Amley acted in accordance with these statutes when it provided Mr. Miles with a panel from which he chose Occ Med. Mr. Miles later selected Dr. Graham after Occ Med recommended a neurologist. Based on Dr. Graham's notes and Mr. Miles' testimony, he only treated the neurological symptoms. Occ Med provided limited treatment for cervical issues and noted his complaints regarding shoulder and low-back pain, but once Occ Med referred Mr. Miles to Dr. Graham, it refused to see him again. As a result, he received no follow-up treatment for the neck, shoulder and low back.

Mr. Miles' credibility is central to the determination of this issue. The Tennessee Supreme Court gave indicia of witness credibility, so trial courts consider whether a witness is "calm or agitated, at ease or nervous, self-assured or hesitant, steady or stammering, confident or defensive, forthcoming or deceitful, reasonable or argumentative, honest or biased." *Kelly v. Kelly,* 445 S.W.3d 685, 694-695 (Tenn. 2014). Here, the Court finds Mr. Miles a credible witness. He appeared calm, at ease, self-assured, steady, confident, forthcoming, reasonable and honest.

Amley questioned Mr. Miles' credibility because his interrogatory answer reported that he injured his "left" shoulder rather than his right. It also attempted to discredit him based on his inability to recall selecting the panel physicians. The Court is unpersuaded. Mr. Miles adequately explained the discrepancies. In particular, the Court finds plausible his inability to remember signing the panels, given that he suffered a head injury and

injury and reported memory problems to the physicians. Amley also contended that Mr. Miles did not complain of shoulder pain until after Dr. Graham released him, asserting that the medical records do not document his complaints during his treatment. This is incorrect. While Dr. Graham's records do not mention shoulder pain, the Occ Med records list "shoulder strain/sprain" as an assessed condition at Mr. Miles' very first visit.

Therefore, the Court holds Mr. Miles has presented sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits regarding his entitlement to additional medical benefits. His request is granted.

**IT IS, THEREFORE, ORDERED** as follows:

1. Amley or its workers' compensation carrier shall provide a panel of orthopedic specialists.

2. This matter is set for a scheduling hearing on **October 8, 2018, at 8:45 a.m. Central.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call may result in a determination of the issues without your participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED August 8, 2018.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

4

## APPENDIX

<u>Exhibits:</u>
1. Affidavit
2. Composite medical records
3. Wage statement
4. Occupational and Environmental Medicine records (Identification only)
5. Panel
6. Panel
7. Occupational and Environmental Medicine records

<u>Technical record:</u>
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent to these recipients by the following methods of service on August 8, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|---------------|---------|-----------|------------------|
| Allen Brown, employee's attorney | | | x | abrown@hughesandcoleman.com; sconner@hughesandcoleman.com |
| David Hatfield, employer's attorney | | | x | dhatfield@dmrpclaw.com |

Penny Shrum, Clerk of Court
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

5



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Filed Date Stamp Here**

**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

**List of Parties**
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

### Appellee(s)
**Appellee (Opposing Party):_____**At Hearing: ☐Employer ☐Employee


Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**


### CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.


[Signature of appellant or attorney for appellant]  _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone    $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing     $ _____ per month

Gas              $ _____ per month    Child Care   $ _____ per month

Transportation   $ _____ per month    Child Support $ _____ per month

Car              $_____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____    (FMV) _____

Other                   $ _____    Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                                            RDA 11082